UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY, )<br>a/s/o of Peter Milholland and PETER MILHOLLAND, )<br>and CAREY HOTALING both of Freeport, )<br>County of Cumberland, Maine )<br>                                                                                     )<br>            Plaintiffs                                                      ) | PLAINTIFFS' COMPLAINT |
| )<br>)<br>v.                                                                                 )<br>                                                                                     )<br>KNIGHTS MARINE CORP., a Maine Corporation  )<br>with a place of business in Rockland, Maine            )<br>                                                                                     )<br>            Defendant                                                    ) | |

Plaintiffs, Ace American Insurance Company, Peter Milholland and Carey Hotaling (hereinafter collectively referred to as "ACE" or "the Plaintiffs"), by their attorneys, Welte & Welte, P.A., for their Complaint, allege as follows:

JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

PARTIES

2. At all material times, ACE was and is a corporation organized and existing by virtue of the laws of a foreign state with and office and place of business located at 140 Broadway, 40th Floor New York, New York 10005 and was at all material times the insurer of Milholland and Hotaling, owners of a 1989 Ericson 32 sailing vessel named AVELINDA.

3. At all material times, Peter Milholland and Carey Hotaling were residents of Freeport, Maine, and the owners of AVELINDA, an Ericson 32 recreational sailing vessel built in 1989 and a documented vessel of the United States of America bearing Official Number 951239 (hereinafter "the Vessel").

4. At all material times, Knight's Marine Corp. (hereinafter "KNIGHT'S") was and is a corporation organized and existing by virtue of the laws of the State of Maine with a place of business located at 525 Main St, Rockland, ME 04841.  At that address, KNIGHT's runs a full-service marina, offering docking, mooring, and a completely equipped boat yard, with boat hauling and storage.

FACTS

5. In or about the early part of July of 2014,  Milholland and Hotaling contracted with KNIGHT'S for a mooring for the Vessel in Rockland Harbor, Maine, for a period to include July 26, 2014 to August 3, 2014 and August 10, 2014 to August 15, 2014..

6.  Pursuant to the agreement, Milholland proceeded to place the Vessel on a mooring (hereafter "the Mooring") provided, approved, and designated by KNIGHT'S.  They did so in a prudent and seamanlike manner.

7. The Mooring provided by KNIGHT'S had not been inspected or approved as required by applicable law or ordinance and was not reasonably capable of safely and securely accommodating the Vessel during the period of time she was to be secured to it.

8. On or about August 13, 2014 at a time when neither Milholland or Hotaling were aboard the Vessel, the mooring failed, as a result of which she broke free of it, went adrift, and was carried away by the wind and current, such that she may have allided with one or more other vessels in the mooring field in Rockland Harbor.

9.  As a result of AVELINDA's breaking free and the consequential allision(s), she suffered extensive damages.

10.  At all times relevant hereto, a contract of insurance for hull and property damage was in effect between Milholland and Hotaling and ACE, which provided coverage for, among other things, loss or damage to the Vessel.

11. Pursuant to the aforementioned contract of insurance between Milholland and ACE, monies have been expended on behalf Milholland and Hotaling, to the detriment of ACE.  Milholland and Hotaling also suffered, or will suffer, damages that were not insured and which KNIGHTS is liable for.

12.  As ACE has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, and pursuant to the terms of the insurance policy, ACE has an equitable right of subrogation and is subrogated to the rights of Milholland and Hotaling with respect to amounts paid by it to them.

## COUNT I
## Negligence

13. Plaintiffs reassert and reiterate the allegations set out in paragraphs one through eleven, inclusive, of their complaint as if fully restated herein.

14. The mooring failure was due to the negligence of KNIGHT'S in not having it inspected, not maintaining it in a safe condition, and other acts and/or omissions as will be shown at trial.

15. As a result of the Mooring's failure, the Vessel sustained damages.

16. The damages sustained to the Vessel were not the result of any act or omission of the plaintiffs; to the contrary, the damage was due solely to the negligence, fault, neglect, gross negligence, breach of contract and/or breach of warranty of workmanlike performance on the part of KNIGHT'S and/or its agents and employees.

17. By reason of the foregoing, the plaintiffs sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $25,904.43.

18. All and singular the matters alleged herein are true and correct. The Plaintiffs reserve the right to amend and supplement this complaint, as further facts become available.

## COUNT II
## Breach of the Warranty of Workmanlike Performance

19. The Plaintiffs repeat and reassert the allegations set forth in paragraphs one through eighteen, inclusive, of its complaint and incorporate the same as if fully restated herein.

20. In agreeing to provide a mooring and mooring services to the Plaintiffs, KNIGHTS warranted that such services would be carried out and completed in a workmanlike fashion.

21. KNIGHTS breached its warranty of workmanlike performance with respect to the mooring agreement by failing to warn that the mooing was not permitted and by providing a mooring that was unsafe, insufficient, defective and had not been maintained and otherwise in its acts or omissions which caused the damages to the Vessel.

22. As a result of KNIGHT's breach of its warranty of workmanlike performance, the Plaintiffs suffered damages.

## COUNT III
## Maritime Contract

23.  Plaintiffs reassert and reiterate the allegations set out in paragraphs one through twenty-two, inclusive, of their complaint as if fully restated herein.

24.  KNIGHT's promise to provide a safe mooring for the Vessel in exchange for valuable consideration constitutes a maritime contract.

25.  KNIGHTS breached the maritime contract it entered into with the Plaintiffs by failing to warn that the mooing was not permitted, and by providing a mooring that was unsafe, insufficient, defective, and had not been maintained and otherwise in its acts or omissions which caused the damages to the Vessel.

26.  As a result of KNIGHT's breach of its breach of the maritime contract it had with the Plaintiffs, the Plaintiff's suffered damages.

## COUNT IV
## INDEMNIFICATION AND/OR CONTRIBTUTION

27.  The Plaintiffs repeat and reassert the allegations set forth in paragraphs one through twenty-six, inclusive, of their complaint and incorporate the same as if fully restated herein.

28.  Demand has been made upon the Plaintiffs by the owner(s) of other vessels with which the they claim the Vessel did allide, causing damage thereto.

29.  Any damages sustained to other vessels were not the result of, or caused by, any act or omission of the plaintiff; to the contrary, the damage was due solely to the negligence, fault, neglect, gross negligence, breach of contract and/or breach of warranty of workmanlike performance of KNIGHT'S and/or its agents.

30.  To the extent that the Plaintiffs, or any of them, have, or will be, held liable to the owners of such other vessels, they are entitled to and hereby demand indemnification and/or contribution from KNIGHT'S for the full amount sought and for reasonable costs and attorneys' fees incurred in defending against such claims.

WHEREFORE, the Plaintiffs pray that:

1.  The Court order, adjudge and decree that defendant KNIGHT'S MARINE CORP. is liable and pay to plaintiff the losses sustained to them, together with prejudgment and post judgment interest thereon and their costs; and,

2.  The Court order, adjudge and decree that plaintiffs are entitled to indemnification and/or contribution by and from KNIGHT's with respect to any and all damages asserted against them or for which they may be held liable or accountable to the owner's of other vessels or property damaged as a result of the aforesaid mooring failure; and,

3. That this Court grant to plaintiffs such other and further relief as may be just and proper.

Dated: June 3, 2015

                    PLAINITFFS' ACE AMERICAN INSURANCE CO., PETER MILHOLLAND and CAREY HOTALING

                    By their Attorneys
                    WELTE & WELTE, P. A.

                    /s/ *William H. Welte*
                    By: William H. Welte, Esq.
                        13 Wood Street
                        Camden, ME   04843